Angelina **MARTINEZ**, Appellant,

v.

**TRAVELERS INSURANCE COMPANY**, Appellee.

No. 5656.

Court of Civil Appeals of Texas, Waco.

Nov. 18, 1976.

Rehearing Denied Dec. 16, 1976.

Maner, Nelson & Jones, Inc., Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Angelina Martinez from judgment she take nothing in a workman's compensation case.

Appellant Martinez sued appellee Insurance carrier for workman's compensation benefits for injuries she alleged she received on December 19, 1973 while working for Elmer's Weights in Lubbock County.

Appellant alleged she suffered injuries to her back while attempting to move a roll of heavy canvass. Appellee Insurance carrier answered alleging that the incapacity suffered by appellant was caused solely by a prior injury.

Trial was to a jury which found in answer to Issue 1 that appellant Martinez did not sustain an accidental injury on December 19, 1973. The trial court rendered judgment on the verdict that appellant take nothing.

Appellant appeals on 2 points:

1) The answer of the jury to Issue 1 is so against the great weight and preponderance of the evidence as to amount to an injustice in light of the uncontradicted testimony that appellant sustained an accidental injury on December 19, 1973.

2) The trial court erred in admitting evidence of a previous "claim" by plaintiff because the fact of such "claim" was totally irrelevant to any issue and was highly prejudicial to appellant.

Contention 1 asserts the jury's answer to Issue 1 is against the great weight and preponderance of the evidence.

There is evidence appellant was hired by Elmer's Weights on September 20, 1973 and went to work as a cutter; which involved the cutting of canvass which comes in heavy rolls; that appellant at 3:30 on December 19, 1973, while attempting to turn a roll around to get it in position for cutting felt a popping in her back, followed by a burning sensation; that she told her supervisor what happened but continued to work the rest of the day; that she went to the company doctor the next day, was treated and thereafter hospitalized from January 14, 1974 to February 7, 1974 and from February 17, 1974 to February 26, 1974.

There is evidence that during the 14 weeks appellant was employed at Elmer's, that she worked only 5 full weeks; that she was off work the balance of the time for personal reasons or illness, and was off the day before December 19, 1973 for a doctor's appointment. There is further evidence that while employed at Cherry's Cafe (prior to her employment at Elmer's) appellant slipped on a sack of potatoes and fell hurting her leg and back; that she was treated by a doctor for her back on May 21, 1973 and on July 16, 1973; that appellant retained an attorney and authorized him to contact Mrs. Cherry, and made claim against Mrs. Cherry for medical expenses in connection with the injury received while employed by Mrs. Cherry. (Mrs. Cherry did not carry Workman's Compensation Insurance).

In a workman's compensation case, as in any other case, plaintiff has the burden of proving elements of her asserted claim by a preponderance of the evidence. *American Surety Co. v. Semmons*, CCA, NRE, Tex.Civ.App., 413 S.W.2d 732. And the jury is judge of the credibility of the witnesses and the weight to be given their testimony and the inferences to be drawn therefrom. *Burt v. Lochausen*, S.Ct., 151 Tex. 289, 249 S.W.2d 194.

Under the record the jury had the right to disbelieve appellant's claim that she sustained a back injury while working for Elmer's Weights on December 19, 1973, and to find she had not proven such injury by a preponderance of the evidence. We cannot say from the record as a whole that the jury's finding is against the great weight and preponderance of the evidence. *In re Kings Estate*, S.Ct., 150 Tex. 662, 244 S.W.2d 660.

Contention 2 asserts the trial court erred in admitting evidence of a previous "claim" by appellant.

The evidence complained of was either not elicited in the presence of the jury, or was not objected to.

Appellant's points are overruled.

AFFIRMED.